IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FRANCIS E. ROHRS a/k/a FRANCES  )
    ELAINE ROHRS,          )
                             )
        Petitioner,       )
                             )
v.                           )     CIV-13-288-F
                             )
RICKEY MOHAM, Warden,     )
                             )
        Respondent.     )

SUPPLEMENTAL  REPORT  AND  RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the conviction for Murder in the Second Degree entered in the District Court of Kay County, Case No. CF-2001-683. Respondent has moved to dismiss the action on the ground that the Petition is untimely. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed as untimely.

In October 2001, Petitioner was charged in the District Court of Kay County, Oklahoma, with the offense of Murder in the First Degree for the death of her infant child. The Oklahoma Indigent Defense System ("OIDS") was appointed to represent Petitioner, and an OIDS attorney entered an appearance in the case on October 25, 2001. After several pretrial proceedings, including a hearing on competency in which Petitioner was found

1

competent to stand trial, Petitioner waived her right to a preliminary hearing, and the prosecution amended the charge to Murder in the Second Degree.

On May 23, 2003, Petitioner appeared in court with her OIDS attorney, Mr. Salisbury, and entered a "blind" plea of guilty. During this plea proceeding, Petitioner was advised of her right to appeal and the case was set for a sentencing proceeding following a presentence investigation. On September 29, 2003, Petitioner appeared in court with her OIDS attorney, and the Court heard testimony with respect to sentencing. Petitioner was sentenced to serve a term of life imprisonment, and a judgment and sentence was entered in the case on October 7, 2003. Petitioner did not appeal the conviction and sentence.

Seven years later, in October 2010, Petitioner filed an application for post-conviction relief in the district court. In her application, Petitioner asserted that her plea was involuntary because she was not advised by the court or her defense attorney of the application of Oklahoma's law requiring that defendants serving sentences for certain crimes be required to serve 85% of their sentences prior to becoming eligible for parole. See Okla. Stat. tit. 21, § 12.1 (providing that individuals convicted of certain felony offenses[1] on or after March 1, 2000, "shall serve not less than eighty-five percent (85%) of the sentence of imprisonment imposed within the Department of Corrections")(commonly known as the "85% Rule"). Petitioner contended that she was unaware of the applicability of the 85% Rule to her conviction until some time prior to the date she filed her post-conviction application and

---

[1]See Okla. Stat. tit. 21, § 13.1 for the felony offenses affected by the 85% Rule.

therefore she could not have raised this claim in a certiorari appeal from her plea-based conviction.

Although the district court initially granted Petitioner's post-conviction application, the district court entered an order on July 11, 2011, vacating the initial order granting post-conviction relief and denying the application for post-conviction relief.[2]  Petition, Ex. 1. Petitioner filed a notice of intent to appeal in the state district court.  However, Petitioner did not appeal this decision to the Oklahoma Court of Criminal Appeals ("OCCA").

In her Petition and "Response" (Doc. # 16), which is construed as a brief in support of the Petition, Petitioner contends that she was denied effective assistance of trial counsel and that her guilty plea was not knowingly and voluntarily entered because she was not advised prior to the plea that she would have to serve 85% of the sentence imposed before becoming eligible for parole.[3] In her third ground for habeas relief,  Petitioner contends that

---

[2]Curiously, a lawyer who represented that his law firm was the "contractor for indigent defendants of Kay County," Oklahoma, under contract with OIDS moved in the district court to vacate the district court's order granting Petitioner post-conviction relief. Brief in Support of Motion to Dismiss (Doc. # 20), Ex. 11. In this motion, the attorney stated that on March 14, 2011, a hearing was conducted on Petitioner's post-conviction application in which Petitioner was allowed to withdraw her plea and counsel was appointed to represent her.  The attorney argued that the district court had no authority to allow Petitioner to withdraw her guilty plea and could only recommend that she be given an appeal out of time.

[3]Although Petitioner contends that she was also denied effective assistance of appellate counsel, Petitioner did not appeal her conviction.  As there is no factual or legal basis for a claim of ineffective assistance of appellate counsel, Petitioner's allegations are construed to assert a claim of ineffective assistance of trial, not appellate, counsel.

her sentence is excessive. [4]

Respondent contends that the limitations period prescribed in 28 U.S.C. § 2244(d)(1) expired long before Petitioner filed the instant habeas Petition and therefore the action should be dismissed as time-barred. In her responsive pleading, Petitioner asserts that the limitations period should be equitably tolled because she had "newly acquired evidence" that her conviction and sentence were subject to the 85% Rule. Petitioner's Response (Doc. # 22), at 2.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, imposes a one-year statute of limitation with respect to the filing of a 28 U.S.C. § 2254 petition by a state prisoner. 28 U.S.C. §2244(d)(1). As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period generally begins to run from "the date on which the judgment became final by the conclusion of direct review

_____

[4]Petitioner did not raise either her Sixth Amendment claim or her excessive sentence claim in her state post-conviction application. Brief in Support of Motion to Dismiss (Doc. # 20), Ex. 4. Furthermore, she did not appeal the state district court's denial of her post-conviction application which asserted only her involuntary plea claim. Consequently, these claims are not exhausted. 28 U.S.C. § 2254(b)(1). However, Respondent has not raised the exhaustion defense or argued that the claims are procedurally barred. Under these circumstances, the Court should address the merits of these claims despite Petitioner's failure to exhaust state court remedies. 28 U.S.C. §2254(b)(2)(habeas application may be denied on the merits notwithstanding failure of applicant to exhaust available state court remedies); Moore v. Gibson, 195 F.3d 1152, 1167 (10th Cir. 1999)(court addressed merits of habeas litigant's federal claim where respondent did not argue that habeas litigant's claim was unexhausted or procedurally barred).

or the expiration of the time for seeking such review." Because Petitioner did not file a motion to withdraw her plea or timely seek to appeal the plea-based conviction, the conviction became "final" under 28 U.S.C. § 2244(d)(1)(A) on October 9, 2003, ten days after the pronouncement of the judgment and sentence. See Okla. Stat. tit. 22, §1051; Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, App. The one-year limitations period for filing a federal habeas petition challenging this conviction began on October 10, 2003, and expired one year later, on October 11, 2004, absent statutory or equitable tolling exceptions.

A properly-filed post-conviction application filed during the limitations period may statutorily toll the § 2244(d)(1) limitations period. 28 U.S.C. § 2244(d)(2). Petitioner's post-conviction application, however, did not toll the limitations period because it was filed after the limitations period expired. See Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001), cert. denied, 535 U.S. 1034 (2002). Thus, Petitioner's habeas Petition filed March 22, 2013, would appear to be time-barred.[5]

Petitioner vaguely contends that she was unaware of the 85% Rule until sometime before she filed her post-conviction application in the state district court. It is assumed

---

[5]The habeas Petition was stamped by the Court Clerk as filed on March 26, 2013. But Petitioner verified under penalty of perjury that he had put the Petition in the prison mailing system on March 22, 2013. Thus, the Petition is deemed "filed" on March 22, 2013. See Houston v. Lack, 487 U.S. 266, 270 (1988)(holding that a prisoner's notice of appeal is deemed "filed" when he delivers it "to prison authorities for forwarding to the District Court"); see also Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing.").

Petitioner is asserting that she was unable to discover the factual predicate of her claims through the exercise of due diligence until some later date after her conviction and sentence became final under 28 U.S.C. § 2244(d)(1)(A).  See 28 U.S.C. § 2244(d)(1)(D)(providing alternative limitation period running from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence").

Petitioner's claims of an invalid plea and ineffective assistance of trial counsel are based on the OCCA's 2006 decision in Anderson v. State, 130 P.3d 273 (Okla. Crim. App. 2006).  In that decision, the OCCA determined that jurors must be instructed on the 85% Rule as a matter of state law. Id. at 278-279.  The OCCA later held in 2006 and 2007 that defendants entering pleas of guilty or nolo contendere or blind pleas must be informed of the 85% Rule. See Pickens v. State, 158 P.3d 482 (Okla. Crim. App. 2007)(holding that a "defendant has a right to be informed of the 85% Rule" when entering either negotiated or blind plea and trial court's failure to advise appellant of 85% Rule rendered his plea involuntary); Ferguson v. State, 143 P.3d 218 (Okla. Crim. App. 2006)(finding that petitioner's negotiated nolo contendere plea was not voluntarily and intelligently entered where petitioner was not advised of 85% Rule that applied to punishment range for his offense).

Petitioner's allegations may be construed to assert that 28 U.S.C. § 2244(d)(1)(D), and not 28 U.S.C. § 2244(d)(1)(A), should provide the starting point for the running of the limitations period.  However, Petitioner's habeas Petition would be time-barred even if the

one-year limitations period began on the date the <u>Anderson</u> decision was entered, or, alternatively, the date the <u>Pickens</u> decision or the date the <u>Ferguson</u> decision was entered, rather than the date her conviction became final.[6]

The one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1) is "subject to equitable tolling in appropriate cases." <u>Holland v. Florida</u>, __ U.S. __, 130 S.Ct. 2549, 2560 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005). <u>See</u> <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir.)(one-year limitations period may be subjected to equitable tolling in limited circumstances such as incompetence or actual innocence), <u>cert. denied</u>, 525 U.S. 891 (1998).

Petitioner's blind plea was entered three years before the <u>Anderson</u> decision and, even assuming the <u>Anderson</u>, <u>Pickens</u>, and/or <u>Ferguson</u> decisions provided extraordinary circumstances tolling the limitations period until the last of these decisions was entered in 2007, Petitioner did not file her habeas Petition within one year of the last of these decisions. Her post-conviction application filed in October 2010 did not extend the limitations period.

---

[6]The OCCA specifically held that its decision in <u>Anderson</u> would have only prospective application. <u>Id.</u> at 283 ("A trial court's failure to instruct on the 85% Rule in cases before this decision will not be grounds for reversal."). Therefore, and because Petitioner's conviction resulted from a guilty plea and not a trial, the <u>Anderson</u> decision does not apply to Petitioner's claims. <u>See</u> <u>O'Neal v. Newton-Embry</u>, 501 Fed. Appx. 718, 725 (10th Cir. 2012)(unpublished op.)(finding <u>Anderson</u> decision "simply did not state the rule at issue in [that] case: namely, that plea-bargaining defendants must be informed of the 85% Rule" and "<u>Ferguson</u> is the case in which the OCCA announced its rule that ignorance of the 85% Rule renders defendants' pleas involuntary irrespective of the specific type of plea").

Moreover, Petitioner has not made a colorable showing of factual innocence or incompetence. She alleges in her responsive pleading that "the Court [should] review the actual innocence getaway [sic] claim and consider all of the additional evidence proffered by Petitioner." Petitioner's Response (Doc. # 16), at 5. Petitioner also alleges in her responsive pleading that "[t]he notarized affidavit, summary of facts and notice of hearing on application for determination of competency order should be treated as factual material that provide a solid bases [sic] to avoid the time-bar . . . ." Id. (Doc. # 16), at 6. However, she has not presented any evidence of actual innocence or incompetency. The record in Petitioner's criminal case reflects that competency proceedings were conducted in the trial court and that Petitioner was ultimately found to be competent to stand trial. Petitioner's "Response" (Doc. # 16), Ex. 5 (Application for Determination of Competency); Brief in Support of Motion to Dismiss (Doc. # 20), Ex. 7 (docket sheet), at 3.

The fact that competency proceedings were conducted approximately ten years ago in connection with a state criminal proceeding does not provide extraordinary circumstances that would toll the limitations period, and Petitioner does not provide any evidence of continuing mental deficiencies. Further, although Petitioner contends she has been "actively working to resolve this injustice," Petition, at 13, the record shows she did not diligently pursue her federal claims.

Petitioner may be asserting that she was simply unaware of relevant changes in the law. However, "simple excusable neglect is not sufficient" to warrant equitable tolling," and "a claim of insufficient access to relevant law, such as AEDPA, is not enough to support

equitable tolling." <u>Gibson v. Klinger</u>, 232 F.3d 799, 808 (10th Cir. 2000).

RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss (Doc. # 19) be GRANTED and the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as untimely. The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___August 6th, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___17[th]___ day of ___July___, 2013.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE